JACKSON, *ex dem.* LOOP AND OTHERS, *against* HARRINGTON.(*a*)

EJECTMENT for part of military lot No. 43, in *Sempronius*, in the county of *Cayuga*, tried at the circuit in that county, *September* 8*th*, 1824, before THROOP, C. Judge.

At the trial, the plaintiff proved the patent of the lot to *Schreider* the soldier, dated *July* 8*th*, 1790 ; and a conveyance of all his expected military bounty land from him to

Where two successive conveyances of military lots were made by the patentee before the statute of *January* 8*th*, 1794, (1 *R. L.* 209,) neither of which were deposited in the clerk's office of *Albany*, pursuant to that act ; *held*, that the deed last executed took preference.

*Held* also, that a conveyance by the patentee for a valuable consideration, subsequent to the second, should take preference of that ; but, it appearing that it was executed pending an ejectment by those claiming under the second conveyance, to a grantee who had notice of that conveyance, and actual knowledge of the first ; *held*, that it lay with the defendant to show, otherwise than by the last conveyance, that a valuable consideration was in fact paid.

Whether a subsequent conveyance for valuable consideration, with notice of a prior deed, comes within the protection of the statute, (1 *R. L.* 209.) or it must be *bona fide* in the full sense of the terms? Quere.

(*a*) This case was decided in *February* term, 1826.

*C. Loop*, the deceased father of the lessors of the plain-
tiff, and under whom they claimed as heirs, dated in the
spring or summer of 1784. It appeared that this deed
was lost, or destroyed by accident, in 1796 or '7 ; and was,
therefore, never delivered to, or deposited with the clerk
of the city and county of *Albany*, according to the stat-
ute, (1 *R. L.* 209.)

The defendant produced and proved a conveyance from
*Schreider* to *F. Carbine*, now deceased, dated *August 7th*,
1783, of all his (*S's*) expected military bounty lands. This
conveyance had never been filed according to the statute;
but was recorded in the clerk's office in the county of *Cay-
uga*, *September 7th*, 1824. It was proved that the defend-
ant held as a tenant under the *Carbine* title.

This suit was commenced in *May* term, 1823 ; and it
farther appeared at the trial, that after it was so commenc-
ed, *Schreider*, the soldier, conveyed the whole lot to *E.
Z. Carbine*, a grand-child of *F. Carbine*, and one of the
heirs of the old title to *F. Carbine*. This deed was dated
*September* 29, 1823 ; and purported to be for the consid-
eration of $3000 ; and was acknowledged and recorded
on the 9*th* day of *October*, 1823. *E. Z. Carbine* made
this purchase with notice of the claim by the lessors of the
plaintiff, and of the title under which they claimed.

Verdict for the defendant, with leave to move for a new
trial.

*J. A. Collier*, for the plaintiff. Neither conveyance
having been deposited, the question is, which shall be pre-
ferred. The act, (1 *R. L.* 209,) does not declare that a
deed not deposited shall be deemed void, except as to
*subsequent purchasers*. The act means the last purchaser
prior to the 8*th* of *January*, 1794.

If there be several conveyances, and none filed, the last
is to be preferred. *Jackson* v. *Hubbard*, (1 *Caines*, 82,)
amounts to this. Though the subsequent deed was record-
ed in that case, such a circumstance can make no differ-
ence. It was good without being filed or recorded, as to
all former deeds not filed. (19 *John.* 281.)

*E. Z. Carbine* was not a *bona fide* purchaser; but took with full notice. Beside, the conveyance was for land in suit, and the sale therefore void.

*D. Kellogg*, contra. Neither deed being filed, the question remains as at common law; and the *Carbine* deed being oldest, takes preference.

It is no objection to the deed of *September*, 1823, that the grantee, *E. Z. Carbine*, had notice. The object of the statute in question is more than the common registry acts. The deeds are required to be deposited; in order to enable subsequent grantees to detect forgeries. If such grantees have paid a valuable consideration, it is enough, whether they have notice or not. And so are the words of the act.

*Curia, per* SAVAGE, Ch. Justice. Were this question to be determined by the common law, undoubtedly the first deed would be operative, and the second void. But the legislature on the 8*th* of *January*, 1794, (1 *R. L.* 209,) passed " an act for registering deeds and conveyances relating to the military bounty lands;" reciting that many frauds had been committed respecting the titles to those lands, by forging and antedating conveyances; and by conveying to different persons, and by various other contrivances, so that it had become very difficult to discover in whom the legal title to some of the lands was vested. For remedy whereof, and in order to detect these frauds, and to prevent the like frauds in future, it was enacted, that all deeds and conveyances theretofore made and executed, or pretended so to be, of such lands, should be deposited with the clerk of the city and county of *Albany*, on or before the 1*st* day of *May*, 1794; and that all deeds and conveyances of military bounty lands, " which shall not be delivered to, and deposited with the said clerk, on or before the said 1*st* day of *May* aforesaid, shall be *adjudged fraudulent and void against the subsequent purchaser or mortgagee for valuable consideration*." By an act of the 27*th* of *March*, 1794, (1 *R. L.* 211,) the time

of depositing such deeds was extended to *May* 1*st*, 1795. These deeds were to be kept in bundles alphabetically ; and a register made of the names of the parties, for the purpose of inspection.   They were, after a certain time, to be delivered to the clerk of the county in which the lands lay, there to remain for the benefit of all persons interested.   It was also enacted that all conveyances, to be executed after the 8*th* of *January*, 1794, should be recorded ; and that the deed first recorded should be operative. These deeds were to be acknowledged or proved.   Not so of those executed prior to the passing of the act.   It is contended for the plaintiff, that every deed is to be tested by the statute ; and if not deposited as the statute directs, is fraudulent and void against the subsequent purchaser ; and, of course, the deed of *Carbine*, dated in 1783, not being deposited, must be adjudged fraudulent and void as against the *Loop* deed executed in 1784.

Each of the deeds is valid as between the parties ; and as to all the world, except subsequent purchasers or mortgagees.   It follows that the deed of 1783 is void as to the deed of 1784 ; and that would also be void as to a subsequent one, had there been such an one before the passing of the act of the 8*th* of *January*, 1794.

The argument on the other side is, that both being *in pari delictu*, the question is left as at common law, and the elder title must prevail.

*Jackson* v. *Hubbard*, (1 *Caines' Rep.* 82,) was cited by the counsel for the plaintiff.   In that case, the patentee of a military lot sold it in 1783.   The deed was recorded in the secretary's office ; but was not deposited in the clerk's office according to the statute.   On the 1*st* of *October*, 1788, the patentee executed a power of attorney, by virtue of which, the lot was conveyed by the attorney the 14*th* of *August*, 1795, and the deed was duly recorded in *Onondaga* county.   The court decided, that though the first deed was recorded, yet that did not satisfy the act ; as the object was declared to be the prevention of frauds

by facilitating the means of discovering forgeries. And the junior title prevailed. In that case, the power of attorney under which the junior deed was executed, was not deposited, though executed prior to passing the act. Possibly the court considered simply the execution of the deed, which was after the time limited for depositing deeds; and gave it the same efficacy as if executed at its date by the patentee himself, laying out of view the date of the power of attorney. If this was so, the case is not an authority for preferring the last of two deeds executed before the act, and not deposited; though if it was considered material that the power should be deposited, the authority of that case is in favor of the junior title in this.

UTICA,
Aug. 1826.

Jackson
v.
Harrington.

But independent of authority, it seems impossible to sustain the elder deed here consistently with the statute; and if no further facts appeared, the plaintiff would be entitled to recover.

On the trial, the defendant produced a deed from the patentee to *E. Z. Carbine* for the whole lot, purporting to be in consideration of $3000, dated the 29*th* of *September*, 1823, and recorded the 9*th* of *October*, 1823; after this cause had been noticed once for trial, and the grantee had notice of the suit, and of the title under which the lessors claim.

According to the construction which I have given to the act, and according to the case of *Jackson* v. *Hubbard*, *E. Z. Carbine* must hold in preference to either of the deeds of 1783 and 1784, provided he can be considered, in the language of the act, *a subsequent purchaser for valuable consideration.* He certainly knew that he was purchasing what he before claimed under the deed of 1783, and he knew also that he was purchasing a disputed title. The act of purchasing in 1823, the same lot which his grandfather purchased in 1783, forty years previous, was an admission that he did not choose to rely on the old deed. Clearly he was not a *bona fide purchaser*, within the full meaning of the phrase: for he had notice.

Is *E. Z. Carbine*, then, to be considered a purchaser for a valuable consideration, supposing this to be sufficient? Had we heard nothing of this purchase but what appears on the face of the deed, we should be bound to receive it as *prima facie* evidence of a valuable consideration. The circumstances are, however, peculiar; and I think call for further proof that a valuable consideration was paid. The soldier had notoriously given conveyances valid as to himself in two successive instances; one of these was well known to *E. Z. Carbine* when he purchased; and of the other he had notice; and, at least, must have entertained a strong suspicion. Is it natural, that dealing with the soldier under such circumstances, he should either exact, nor *Carbine* pay him a valuable consideration? Is it not probable that the consideration was merely nominal, paid to and received by the soldier, not as the value or price of the land; but colorably, and in fraud of the suit then pending? Without saying whether the deed was void as being for a thing in action, we think the circumstances of the case required proof by witnesses, or in some way independent of the deed, that a valuable consideration was in fact paid.

A new trial must therefore be granted.

New trial granted.